UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS HUMBERTO TORVISCO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.     ) | No. 4:13-CV-1104-CDP |
| ) | |
| MISSOURI FIELD OFFICE ) | |
| DIRECTOR, IMMIGRATION AND ) | |
| CUSTOMS ENFORCEMENT, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on respondent's motion to dismiss for lack of subject matter jurisdiction Carlos Humberto Torvisco's pro se "Petition for Writ of Habeas Corpus and Emergency Request for Preliminary Injunction Staying Removal Pending Resolution of the Writ."  I conclude that I lack subject-matter jurisdiction over this action, because Congress has vested the United States Courts of Appeals with exclusive jurisdiction over orders of removal.

**Background**

Petitioner Carlos Humberto Torvisco is confined at the Mississippi County Detention Center in Charleston, Missouri, and is in the custody of the United States Immigration and Customs Enforcement Agency (ICE), pending deportation.  He brings this action seeking a writ of habeas corpus pursuant to "28 U.S.C. § 2241 and/or Petition for Review under the Constitution of the United States, the Immigration and Nationality

Act, 8 U.S.C. § 1101 *et seq*, the Administrative Procedural Act, 5 U.S.C. § 701 *et seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651." The named respondents are "Missouri Field Office Director, Immigration and Customs Enforcement," Janet Napolitano (Secretary of the Department of Homeland Security), and Eric Holder (United States Attorney General).

## The Petition

Torvisco states that he is a native of Peru. He entered the United States on an F-1 student visa in 1982, when he was seventeen years old. In 1996, an immigration judge issued an order for his deportation. Torvisco states that in February 2000, he received a notice to appear before an immigration judge in Kansas City, Missouri, and he was ordered deported. Petitioner does not state whether he actually left and subsequently re-entered the United States, but in any event, he married a United States citizen in 2002, and they have two children who were born in the United States. On April 15, 2013, petitioner's wife filed a "Form I-130 Petition for Alien Relative" on his behalf; Torvisco states that the petition is currently pending approval before the United States Citizenship and Naturalization Services. Petitioner further states that although he is eligible to adjust his immigration status, he is unable to do so because of "the pending deportation order."

In the instant § 2241 petition, petitioner asserts that he should not be deported, because he is a "habitual resident" of the United States under the Hague Convention, as implemented by the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et*

*seq*. In addition, petitioner asserts that the Court should exercise its discretion, in accordance with a June 17, 2011 memorandum issued by ICE Director, John Mortan, encouraging the use of prosecutorial discretion, and release him from ICE custody while his I-130 petition is pending approval.  In addition, he requests that the Court issue "a preliminary injunction staying removal pending resolution of the writ."

**Discussion**

I have carefully reviewed the allegations of the petition, and will summarily dismiss this action for lack of subject-matter jurisdiction.  Congress has vested the federal court of appeals with exclusive jurisdiction over orders of removal.  *See* 8 U.S.C. § 1252(a)(5), (b)(2) and (9), and (g); *see also Xiaoyuan Ma v. Holder*, 860 F.Supp.2d 1048, 1059-60 (N.D. Cal. 2012)(habeas request to stay removal order falls within the ambit of § 1252(g), which divests the district court of habeas jurisdiction); *Scott v. Napolitano*, 618 F.Supp.2d 186, 191 (E.D.N.Y. 2009)(§ 1252 operates to strip district courts of jurisdiction to stay orders of removal).  As such, petitioner's sole recourse relative to staying his order of deportation lies with the United States Court of Appeals for the Eighth Circuit.

With regard to Torvisco's request for an order directing his release from ICE custody pending approval of his I-130 petition, I find that he has failed to state a cognizable basis for habeas corpus jurisdiction under 28 U.S.C. § 2241.  Torvisco does not assert a violation of his Constitutional rights, but rather, appeals to this Court's

exercise of discretion, purportedly based on a June 17, 2011 memorandum issued by the ICE Director, encouraging the use of prosecutorial discretion. This is not a basis for federal court habeas jurisdiction.

Moreover, petitioner's reliance upon the Hague Convention[1] is misplaced. Title 42 U.S.C. § 11601(4) "establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, as well as for securing the exercise of visitation rights." Absent a threshold showing that there has been a retention or removal of children, neither the Hague Convention nor the International Child Abduction Remedies Act provides a basis for this Court to exercise subject matter jurisdiction in this case. *Cf. Toren v. Toren,* 191 F.3d 23 (1st Cir. 1999)(district court lacked jurisdiction to grant or deny father's petition for the return or his minor children, where father failed to allege the children had been removed or retained within meaning of the Hague Convention and International Child Abduction Remedies Act). Similarly, Torvisco has failed to articulate a claim or cause of action under the Immigration and Nationality Act, the Administrative Procedure Act, the Declaratory Judgment Act, or the All Writs Act, and "[n]one of these statutes is sufficient to survive the jurisdiction-

---

[1] The United States is a contracting state to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 24, 1980, T.I.A.S. No. 11670, S. Treaty Doc. No. 99-11. *Abbott v. Abbott*, 560 U.S. 1, 130 S.Ct. 1983, 1987 (2010). Congress has implemented its provisions through the International Child Abduction Remedies Act, 102 Stat. 437, 42 U.S.C. § 11601 *et seq*. *Id*. "The Convention provides that a child abducted in violation of 'rights of custody' must be returned to the child's country of habitual residence, unless certain exceptions apply." *Id*.

stripping language of [8 U.S.C. § 1252]." *Scott v. Napolitano*, 618 F.Supp.2d 186, 191 (E.D.N.Y. 2009).

For these reasons, I will dismiss this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to dismiss [#3] is GRANTED, and Carlos Humberto Torvisco's "Petition for Writ of Habeas Corpus and Emergency Request for Preliminary Injunction Staying Removal Pending Resolution of the Writ" [ #1] is **DISMISSED**, without prejudice, for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE