UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS HUMBERTO TORVISCO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. 4:13-CV-1104-CDP |
| ) | |
| MISSOURI FIELD OFFICE ) | |
| DIRECTOR, IMMIGRATION AND ) | |
| CUSTOMS ENFORCEMENT, et al., ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM AND ORDER

Before the Court are petitioner's motion for leave to proceed in forma pauperis on appeal [Doc. #8] and "Application for a Certificate of Appealability Requesting Stay Pending Appeal" [Doc. #9]. The Court will liberally construe petitioner's application as a motion to reconsider the Court's September 16, 2013 Memorandum and Order and Order of Dismissal [Docs. #5 and #6],[1] which are incorporated herein by reference.

In support of his motion to reconsider, petitioner states that "it appears this court did not specifically address the issue additted [sic] in respondent's return: 'Torvisco is eligible to adjust his status under a family based application.'" In

---

[1] The Order of Dismissal denies petitioner a certificate of appealability.

addition, petitioner claims that the Immigration and Customs Enforcement Agency's June 17, 2011 memorandum issued by ICE Director, John Mortan, "takes on the persona of law," thereby giving life to his habeas corpus claim.

## Discussion

If a federal court denies a habeas corpus application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As this Court explained in its September 16, 2013 Memorandum and Order [Doc. #5], Congress has vested the federal court of appeals with exclusive jurisdiction over orders of removal. *See* 8 U.S.C. § 1252(a)(5), (b)(2) and (9), and (g); *see also Xiaoyuan Ma v. Holder*, 860 F.Supp.2d 1048, 1059-60 (N.D. Cal. 2012)(habeas request to stay removal order falls within the ambit of § 1252(g), which divests the district court of habeas jurisdiction); *Scott v. Napolitano*, 618 F.Supp.2d 186, 191 (E.D.N.Y. 2009)(§ 1252 operates to strip district courts of jurisdiction to stay orders of removal). As such, petitioner's sole recourse relative to staying his order of deportation lies with the United States Court of Appeals for the Eighth Circuit.

Moreover, concerning petitioner's request for an order directing his release from ICE custody pending approval of his I-130 petition, the Court explained that petitioner had failed to state a cognizable basis for habeas corpus jurisdiction under 28 U.S.C. § 2241. Rather than assert a violation of his Constitutional rights, petitioner appealed to this Court's exercise of discretion, purportedly based on the June 17, 2011 ICE memorandum, encouraging the use of prosecutorial discretion. This is not a basis for federal court habeas jurisdiction, even if it could be said that petitioner is "eligible to adjust his status under a family based application."

For the above-stated reasons, the Court does not find petitioner has demonstrated that jurists of reason would find it debatable that he stated a valid claim relating to the denial of a constitutional right or that the Court's procedural ruling was incorrect. As such, there are no grounds to issue petitioner a certificate of appealability or to alter the Order of Dismissal in this case, and therefore his motion for reconsideration will be denied.

Last, the Court will grant petitioner's motion for leave to proceed in forma pauperis on appeal.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Application for a Certificate of Appealability Requesting Stay Pending Appeal" [Doc. #9] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis on appeal [Doc. #8] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability if he appeals this Order.

Dated this 24th day of October, 2013.

*Catherine D. Perry*
**UNITED STATES DISTRICT JUDGE**